**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| DEISY DAVILA BAUTISTA, as Personal Representative of the ESTATE OF ANGIE BROOKS and a Guardian for JANNIEL BROOKS, a minor, (Baby Brooks), | Civil No. 2021-18 |
| Plaintiffs, | **ACTION FOR DAMAGES** |
| v. | JURY TRIAL DEMANDED |
| THE UNITED STATES OF AMERICA THROUGH ST. THOMAS EAST END MEDICAL CENTER CORPORATION NACHET WILLIAMS-PRINCE, JOHN DOE, JANE DOE, and ABC CORP., | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO VERIFIED, FEDERAL RULE OF CIVIL PROCEDURE, RULE 24(a)(1)(2) INTERVENTION BASED ON PRE-EXISTING CONTRACTUAL (CIVIL MARRIAGE CONTRACT), AND FACTS ASSERTED BY UNAUTHORIZED PLAINTIFF CONSTITUTED UNAUTHORIZED AND LACK OF ARTICLE III STANDING TO MAKE SUCH CLAIMS AGAINST THE UNITED STATES OF AMERICA**

**COMES NOW**, the Plaintiff DEISY DAVILA BAUTISTA, as Personal Representative of the ESTATE OF ANGIE BROOKS, and as Guardian for JANNIEL BROOKS, A MINOR, opposes the Intervenor's Motion by Real Party-In-Interest, surviving spouse Francis Brooks, and says the following:

On January 28, 2017, Angie Brooks was admitted to Schneider Regional Medical Center for the delivery of her baby. Defendants began the delivery by inducing labor, and more than two hours later, after the induction failed, Defendants began to prepare Angie Brooks for a caesarian section. While the anesthesiologist was speaking with Angie Brooks preoperatively, Angie Brooks began to hemorrhage, and she was rushed into the operating room where, after being deprived of oxygen for multiple minutes, her baby was

delivered. As a direct result of being deprived of oxygen in utero, the baby is permanently impaired for life, both physically and intellectually, and he will require a lifetime of care.

Angie Brooks never regained consciousness after the hemorrhage and she remained in a vegetative state from the date of her hospital admission, January 28, 2017, until October 30, 2019, when she died from her injuries. Angie Brooks was airlifted by helicopter to Puerto Rico by FEMA after Hurricane Irma catastrophically damaged Schneider Regional Medical Center, and FEMA later transferred Angie Brooks from Puerto Rico to Texas, where she remained in a long-term care facility, and was eventually transferred to hospice.

Deisy Davila Bautista is the mother of Angie Brooks. Deisy Davila Bautista flew from Colombia to St. Thomas in February of 2017 after learning that her daughter was in a vegetative state. On May 2, 2017, the Superior Court of the Virgin Islands appointed Deisy Davila Bautista as Personal Representative for Angie Brooks and for Janniel Brooks, Angie's newborn, who was born with severe cognitive and physical defects, as a result of being deprived of oxygen for many minutes prior to being born. On or about May 2, 2017 the Superior Court of the U.S. Virgin Islands entered an Emergency Guardianship Order appointing Deisy Davila Bautista the Emergency Guardian of Angie Zue Brooks and male infant of Angie Zue Brooks born January 29, 2017

> …with the care, custody, and control over the wards and the management of their estate during the legal continuance of the Emergency Guardianship; and is accordingly authorized and directed to take all steps necessary for the protection and advancement of the rights and interests of Angie Zue Brooks and male infant of Angie Zue Brooks, until the Emergency Guardianship shall have been discharged according to law and in furtherance of same.

On October 18, 2017, the Superior Court of the U.S. Virgin Islands held a hearing on a "Joint Motion for Emergency Hearing" based on Deisy Davila Bautista's Petition for Appointment of Guardianship, in which Ms. Bautista sought appointment as the permanent legal guardian of her adult daughter, Angie Brooks, and her grandson, Janniel Brooks. The Petitioner, Deisy Davila Bautista, appeared personally and through counsel, Archi Jennings, Esq. The putative wards, Angie Zue Brooks and Janniel Brooks, did not personally appear but both were represented by court-appointed counsel Julita de Leon, Esq.

Prior to the October 18, 2017 hearing, the parties received the Visitors Report filed by James D. Nelson, M.D., FRCP, FACP. Dr. Nelson recommended that Deisy Bautista be awarded custody of both Angie Zue Brooks and Janniel Brooks. The Superior Court heard sworn testimony from Deisy Bautista, who testified that she has been caring for the minor's daily needs, including medical, since his release from the hospital; that his mother is unable to care for him due to her unresponsive condition and that there is no one else able or available to do so. This Court should note that Francis Brooks was incarcerated in federal prison during this time.

On October 25, 2017, the Superior Court of the U.S. Virgin Islands entered an Order appointing Deisy Davila Bautista the Guardian of Angie Zue Brooks and Janniel Brooks stating the following:

> …with unlimited power to make decisions concerning their health, support, care, education, and welfare; and it is further
>
> **ORDERED** that the Guardian Deisy Davila Bautista shall have power to have custody and control of Angie Zue Brooks and Janniel Brooks, including the management of all of their estates, paying debts, settling accounts, and applying for and receiving income payable to the wards or the wards' guardian… and she is authorized and directed to take all steps

> necessary for the protection and advancement of the rights and interests of Angie Zue Brooks and Janniel Brooks, until the guardian shall have been discharged according to law; and it is further
>
> **ORDERED** that the guardian Deisy Davila Bautista shall specifically have the authority to make all medical decisions for the wards… and she shall be authorized to execute any legal documents related to the wards' medical care, institutionalization, and general well-being; and it is further
>
> …
>
> **ORDERED** that should Angie Zue Brooks and Janniel Brooks at some future date acquire an interest in property of any kind or nature, or should any income be received on Angie Zue Brooks and Janniel Brooks' behalf, the guardian Deisy Davila Bautista shall provide the Court with an annual accounting in compliance with V.I. Superior Court Rule 208;

The October 25, 2017 Order Appointing Guardian is attached hereto and made part hereof as **Exhibit "A"**.

The first action concerning this matter was filed in the Superior Court of the Virgin Islands and was styled "*Deisy Davila Bautista, Guardian for ANGIE ZUE BROOKE and JANNIEL BROOKS, minor v. Schneider Regional Medical Center St. Thomas East End Medical Center Corporation, Nachet Williams-Prince, Diana L. Wilson, M.D., Cassandra D. Whitaker, M.D., Margaret E. Sprauve Martin, M.D., M.P.H., Anne Marie Stuart, John Doe/Jane Doe and ABC, CORP.",* Case No. ST-2018-CV-00809. When this action was commenced, Francis Brooks, Janniel Brooks' father, was incarcerated in a Federal Facility serving a ten year and one month sentence, after he was found guilty of **25** counts of extortion, kidnapping, bribery, and drug trafficking on January 14, 2011. Copies of the Criminal Indictment, Amended Judgment and Commitment, and Appeal Opinion for Criminal No: 3:10CR00036-M-002 are collectively attached hereto and made part hereof as **Exhibit "B".**

Francis Brooks took no personal interest in the status of his wife or child while he was incarcerated. Francis Brooks took no personal interest in the Superior Court case

referenced above, and Francis Brooks took no interest in the instant case when it was filed in the Superior Court, nor did he take any interest when the case was removed to District Court, nor did Francis Brooks demonstrate any personal interest when the Complaint was amended to allege the death of Angie Brooks. It was only when a settlement was reached, that Francis Brooks attempted to intervene. Francis Brooks is now attempting to intervene in this matter. V.I. R. Civ. P. 17(e) provides the following:

> Rule 17. Plaintiff and Defendant; Capacity; Public Officers
> (e) Actions for Wrongful Death and Survival. In wrongful death suits filed under 5 V.I.C. §76 and in survival actions filed under 5 V.I.C. § 77, the action may be prosecuted in the name of a plaintiff identified in the complaint as acting as a personal representative. The named plaintiff shall serve as personal representative throughout the proceeding unless replaced by order of the court.

V.I. R. Civ. P. 17(e)

This action is now a wrongful death action and a survival action. The Reporter's Note to the above Rule provides:

> Subpart (e) it is a provision dealing specifically with wrongful death and survival actions under 5 V.I.C. § 76 and §77. To avoid any unnecessary requirement to open an estate, and to permit swift commencement of proceedings where required for statute of limitations or other purposes, this subpart of the rule provides that an action may be prosecuted in the name of a plaintiff who is identified in the complaint as acting as a personal representative, although court appointment to that position has not at that time been made. The named plaintiff will serve as personal representative throughout the proceeding unless replaced by order of the court.

Accordingly, V.I. R. Civ. P. 17(e) was drafted to permit an action to be prosecuted in the name of a plaintiff as the personal representative who is identified in the complaint, even if the plaintiff dies during the litigation and no new personal representative has yet

to be appointed. The named plaintiff will serve as personal representative throughout the proceeding unless replaced by order of the court.

In this case, Deisy Davila Bautista has already undergone the rigors of being appointed as Personal Representative of Angie Brooks, and the Personal Representative has prosecuted both actions as the Plaintiff. There is no need or requirement to replace the Personal Representative who is the original plaintiff with the proposed Intervenor. The Personal Representative has prosecuted both cases, and she is not deceased. There is no benefit or reason to replace the Personal Representative nor is there law which permits such a substitution or replacement.

Francis Brooks appeared in or about in 2022 after being released from Federal prison on or about January 14, 2021. Mr. Brooks' motion is not based on fact and although he alleges fraud, the court documents discussed herein and attached hereto tell the true story. There is no fraud on the Court or on anybody else in this matter as a claim of fraud requires proof of (1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker that the recipient will thereby be induced to act; (4) justifiable reliance by the recipient upon the misrepresentation, and (5) damages. *Marlene Wilkinson v. Sinclair Wilkinson,* 2019 V.I. 9. Here, the personal representative is the mother of the deceased and the grandmother of the child and was duly appointed personal representative and has appropriately acted as such since this case has been filed.

The proposed Intervenor has not alleged any facts supporting his allegation of fraud on the court because no such facts exist. Specifically, there is no misrepresentation

that was fraudulently uttered with the intention to induce this Court to act, and this Court has not acted in reliance as no misrepresentation of fact has ever been made by Plaintiff.

This is not a custody case where the best interests of the child are considered, and while a court might give a preference to a biological parent over another adult in a child custody matter, even if the adult had recently served ten plus years for a plethora of crimes, this case is not that. This is a case where the Personal Representative and guardian were appointed by the Superior Court of the Virgin Islands, while Angie Brooks was alive but incapacitated. V.I. R. Civ. P. 17(e) permits Deisy Davila Bautista to remain as Personal Representative after Angie's death as Deisy Davila Bautista was the initial plaintiff in this matter, and she shall remain the plaintiff. Deisy Davila Bautista remains the Guardian over the minor child, Janniel Brooks.

The Plaintiff in this matter is presently the Personal Representative of both parties and the Guardian of the minor child, Janniel Brooks. The proposed Intervenor has not established any fact, reason, or set forth law, which would permit this Court to allow him to Intervene in this case. Francis Brooks has not established any reason to remove Deisy Davila Bautista as the Personal Representative. Ms. Bautista has been involved in this litigation since its commencement and she has responded to all discovery as the Personal Representative.

Finally, it must be pointed out that all funds except for fees and costs will be paid to Medicare and that there will be no funds available for the minor child or the Personal Representative.

**WHEREFORE,** based on the forgoing reasons, Plaintiffs respectfully request that this Honorable Court DENY Francis Brooks' Verified Intervenor Motion, and award costs and attorneys' fees for having to respond to a frivolous motion.

Dated: April 6, 2023

Respectfully submitted,

*/s/ Lee J. Rohn*________
**Lee J. Rohn, Esq.**
V.I. Bar No. 52
1108 King Street, Suite 3 (mailing)
56 King Street, Third Floor (physical)
Christiansted, St. Croix
U.S. Virgin Islands, 00820
Telephone: (340) 778-8855
lee@rohnlaw.com

**CERTIFICATE OF SERVICE**

**IT IS HEREBY CERTIFIED THAT** this document complies with the page or word provisions of V.I. Civ. Pro. Rule 6-1(e) and a true and exact copy of the foregoing document was served on the following, this 6th day of April, 2023:

AUSA, Kimberly Cole, Esq.
Federal Building and Courthouse
5500 Veteran's Drive, Suite 260
St. Thomas, VI 00802
Kimberly.cole@usdoj.gov
(340) 774-5757

Francis Brooks, Pro Se
P.O. Box 9471
St. Thomas, VI 00801
Francisbrooks@gmail.com
(340) 690-2467

By: _____/s/ Lee J. Rohn__________